**Shirley S. ENGLE, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. R–89–142.**

United States District Court, D. Maryland.

June 20, 1989.

Shirley S. Engle, Baltimore, Md., pro se.

Gregg L. Bernstein, Asst. U.S. Atty., Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Before the Court is defendants' motion in the above-entitled case to dismiss or, in the alternative, for summary judgment. The motion has been fully briefed, and the Court now rules without need for a hearing, pursuant to Local Rule 6(E) (D.Md. 1988). For the reasons set forth below, the motion will be granted.

On January 17, 1989, plaintiff filed a complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), against the United States of America, the Central Intelligence Agency ("CIA"), and the Federal Bureau of Investigation ("FBI") seeking damages and injunctive relief. Plaintiff's complaint is premised upon numerous unsubstantiated allegations of tortious conduct committed by defendants against her person and property. The allegations include claims that the defendants continuously drugged and hypnotized plaintiff, placed electronic monitoring devices in plaintiff's clothing, entered plaintiff's home at night to take blood from her arm or otherwise cause bodily injury to her while she was asleep, used chemicals on plaintiff resulting in skin eruptions, itching, burns, numbness, and other discomforts, and caused various other injuries. In its mo-

tion before the Court, defendants argue that plaintiff's complaint should be dismissed for a number of reasons.

Defendant's first ground for dismissal is that plaintiff failed to comply with the jurisdictional prerequisites to filing a claim under the FTCA. While plaintiff has offered evidence that suggests that she might have satisfied these prerequisites, the Court finds that the record is not sufficiently clear to support a decision for either party on this issue.[1] The Court notes that it appears unlikely that plaintiff could establish that she has complied with the formal requirements for filing an action under the FTCA. However, this issue need not be resolved in light of the Court's decision that dismissal is appropriate on other grounds.

■ Defendants' second argument is that plaintiff's claims are barred by the doctrine of *res judicata*. However, this argument is without merit. The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Defendants argue that the dismissal of plaintiff's complaint in *Shirley S. Engle v. U.S. Department of Justice, et al.*, Civil Action No. CRR–82–1972 (D.D.C.

Dec. 8, 1982). However, the injuries complained of in plaintiff's complaint in the instant case are alleged to have occurred in 1984 and 1985, well after the decision in the prior case. Because the 1984 and 1985 injuries could not have been raised in the 1982 cases, it is axiomatic that the prior case cannot constitute a bar to plaintiff's litigation of the instant complaint.

■ Defendant's final argument is that plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint shall set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." While no technical forms of pleading are required, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *see generally* 5 Wright & Miller, Federal Practice and Procedure § 1215 (1969). It is well-settled that *pro se* litigants must be held to less stringent standards than trained lawyers, and that a Court must afford a *pro se* complaint generous construction. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.),

---

1. Plaintiff's complaint was filed on January 17, 1989. A brief review of the procedural elements of the record of this case demonstrates the confusion that exists with respect to plaintiff's formal compliance with the requirements of the FTCA.

Plaintiff filed an administrative claim with the FBI which was finally denied on July 14, 1988. Because the courthouse was closed from January 14 to January 16, 1989, plaintiff's complaint was properly filed within six months of the denial of her administrative claim. However, the injuries complained of in plaintiff's complaint are not identical to those identified in her administrative claim. While there is some overlap, there are clearly issues raised in this forum that were not presented in the administrative proceedings. Moreover, while the administrative claim alleges injuries inflicted up to and including January 10, 1986, plaintiff's complaint contains no specific injury alleged to have occurred after November of 1985. Therefore, it is apparent that several, if not all, of plaintiff's claims were either not presented for administra-

tive review or were not presented within two years of the date the respective claim accrued. In either case, the Court would lack subject matter jurisdiction of any such claim. *See* 28 U.S.C. § 2401(b).

Plaintiff filed an administrative claim with the CIA in 1985, which was finally denied on March 13, 1986. The instant complaint was not filed within six months of the denial of the administrative claim. Plaintiff introduced receipts for certified mail that she claims evidence the mailing by her of a second administrative claim to the CIA in January of 1988. However, the CIA claims that it has no record that such a claim was ever filed and that it has no record of a mailroom employee named "John Bell", whose name appears on the receipt as the agent who signed the receipt. In either case, there is no evidence that such a claim has been finally denied. Absent the filing of an administrative claim with the CIA and the final denial thereof, this Court would not have jurisdiction over plaintiff's complaint against the CIA.

*cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). However, these principles are not without limits. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986). Thus, a *pro se* litigant must nevertheless fairly put a defendant on notice of the claims being asserted and the essential bases therefor.

■ The Court finds that plaintiff has not met the requisite specificity to survive a motion to dismiss, even under the liberal standards applied in reviewing a *pro se* complaint. Plaintiff's complaint is premised upon broad unsubstantiated allegations that clearly appear to be delusional. Plaintiff has not named one single individual who is responsible for the injuries she has allegedly suffered, and there is no information in the complaint, other than plaintiff's conclusory allegations, that even remotely support an inference that the CIA or FBI are responsible for any of the alleged injuries. In fact, the CIA and FBI represent that they have no records on plaintiff. Moreover, most of the allegations either do not include the dates when the respective injury occurred or include alternative dates when the respective injury occurred. Even a *pro se* litigant cannot be allowed to file a lawsuit making bold unfocused allegations against the CIA and FBI and thereby force the CIA and FBI to undertake undirected investigation of the allegations. If plaintiff has in fact been injured by the CIA or FBI then she must bear the burden of including some information in her complaint to establish a nexus between the injuries and the defendants. While plaintiff's complaint clearly sets forth the nature of her claims, the complaint utterly fails to inform the defendants of the reasons why they are being blamed for causing the injuries. Therefore, the complaint fails to state a claim upon which relief can be granted, and dismissal is appropriate.

Accordingly, for the reasons set forth herein, it is this 20th day of June, 1989, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendants' motion to dismiss or, in the alternative, for summary judgment be and the same hereby is GRANTED;

2. That plaintiff's complaint be and the same hereby is DISMISSED WITHOUT PREJUDICE.